

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YOLANDA WHITEST, Individually and as the Administratrix of the Estate of JOHN WHITEST, Deceased, and DENEA WHITEST, Individually and as the Administratrix of the Estate of DARNELL WHITEST, Deceased, and DANIEL WHITEST and SEAN MITCHELL <br><br> Plaintiffs <br><br> vs. <br><br> HARLAN ELECTRIC COMPANY; MYR GROUP, INC.; HILL INTERNATIONAL, INC.; NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK; COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF TRANSPORTATION; COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF GENERAL SERVICES and FALCON STEEL SERVICES CORPORATION <br><br> Defendants | No. 08 cv 2496 |

## NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK'S NOTICE OF REMOVAL

1. On July 24, 2006, this action was commenced by Plaintiffs against Amtrak, et al., in the Philadelphia County Court of Common Pleas, upon the filing of a Writ of Summons. Plaintiffs Complaint was filed on August 29, 2006.[1] The case was known as *Yolanda Whitest, individually and as the Administratrix of the Estate of John Whitest, deceased, Denea Whitest, individually and as the Administratrix of*

---

[1] The complaint was filed with this Court (docket no. 2:06-cv-03471-LDD), subsequent to removal of the case by Amtrak. The Court remanded the case back to the Philadelphia County Court of Common Pleas on October 10, 2006.

*the Estate of Darnell Whitest, deceased and Daniel Whitest and Sean Mitchell v. Harlan Electric Company, Myr Group, Inc., Firstenergy Corp, Hill International Inc., and Amtrak a/k/a National Railroad Passenger Corporation and Commonwealth of Pennsylvania Department of Transportation and Commonwealth of Pennsylvania Department of General Services July Term, 2006, No.:002661.* Plaintiffs' Writ of Summons and Complaint are attached hereto as Exhibit "A".

2. Defendant, Firstenergy Corporation, was dismissed from the case on October 11, 2007, via stipulation of the parties. See stipulation attached hereto as Exhibit B.

3. The action as stated in Plaintiffs' complaint was not originally removable, in that the Commonwealth of Pennsylvania Department of Transportation and Commonwealth of Pennsylvania Department of General Services (hereinafter the "Commonwealth") were named defendant. The Eleventh Amendment to the United States Constitution precluded a defendant from removing the case under such circumstances.

4. However, on May 28, 2008, the Court of Common Pleas granted the Commonwealth's motion for summary judgment thereby <u>dismissing the Commonwealth from the case</u>. See electronic docket entries evidencing the dismissal of the Commonwealth, attached hereto as Exhibit C.

5. 28 U.S.C. 1446(b) states, in part, as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of *an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable* . . .

28 U.S.C. 1446(b). (emphasis added).

6. Pursuant to the Order dismissing the Commonwealth, the action has "become removable" as of May 28, 2008. Accordingly, this Notice of Removal is being filed in accordance with the time limits sets forth in 28 U.S.C. §1446(b).

7. Section 1446(b) precludes a defendant from removing a case based on *diversity* jurisdiction more than one year after the commencement of the action. However, such time limitations do not apply in the instant case, as Amtrak is removing the case on *federal question* jurisdiction grounds.

8. Amtrak is a corporation which was created by an Act of Congress. See 40 U.S.C. § 24301, et seq. The United States owns, and owned during all relevant times hereto, more than one-half of the capital stock of Amtrak.

9. This Court has federal question jurisdiction over the instant case under 28 U.S.C. §1331, in that Amtrak was created by an Act of Congress, wherein the United States is the owner of more than one-half of its capital stock. <u>Eichelberg v. National Railroad Passenger Corp.</u>, 57 F.3d 1179 (2nd Cir. 1995); <u>Foster v. National Fire, Marine & Inland Ins. Co.</u>, 986 F.2d 48, 51 (3d Cir. 1993); <u>Capocy v. Kirtadze,</u>

4

et al., 1997 W.L. 182296 (N.D. Ill. 1997); <u>Gibson v. National R. R. Corp.</u>, 170 F.R.D. 408 (E.D. Pa. 1997); <u>Landman v. Borough of Bristol</u>, 896 F. Supp. 406, 407-408 (E.D. Pa. 1995); <u>Wormley v. Southern Pacific Transp. Co.</u>, 863 F. Supp. 382 (E.D. Tex 1994); <u>Estate of Wright v. Illinois Cent. R. Co.</u>, 831 F.Supp. 574 (S.D. Miss. 1993); <u>Boone v. National Railroad Passenger</u> Corporation, 1993 W.L. 93 946 (E.D. Pa. 1993); <u>Ritter v. Consolidated Rail Corporation</u>, 1993 W.L. 29151 (E.D, Pa. 1993); <u>Marcus v. Northeast Commuter Services Corp.</u>, 1992 W.L. 129637 (E.D, Pa. 1992); <u>McManus v. Glassman's Wynnefield, Inc.</u>, 710 F.Supp. 1043 (E.D. Pa. 1989); <u>In re: Rail Collision Near Chase, Maryland, on January 4, 1987; Harvey v. National Railroad Passenger Corporation, et al.</u>, 680 F.Supp. 728 (D.Ct. Md. 1987); <u>See also</u>, <u>Nero v. Amtrak</u>, 714 F.Supp. 753, 754 (E.D. Pa. 1989); <u>Rivera v. City of Bethlehem</u>, E.D. Pa. No. 92-3292, Memorandum Opinion and Order, July 20, 1992; <u>Zawacki v. Penpac, Inc.</u>, 745 F.Supp. 1044 (M.D. Pa. 1990).

10. The instant action is one which may be removed to this Court by Amtrak pursuant to the provisions of 28 U.S.C. §1441 et seq. in that this action has been brought in a state court, and a District Court of the United States has original jurisdiction under 28 U.S.C. §1331.

11. All remaining co-defendants, Harlan Electric Company, MYR Group, Inc., Hill International, Inc., and Falcon Steel Corporation, have consented to removal of the action. See "Consent of All Remaining Defendants to Removal of the Instant Case", attached as Exhibit D.

12.    Discovery in the instant case is closed. Amtrak will not be requesting that the discovery period be re-opened by this Court. At the Court's convenience and pleasure, deadlines for the filing of pretrial motions and submissions may be set and the case may be scheduled for trial.

13.    Written notice of the filing of this Notice of Removal has been given to all parties as required by 28 U.S.C. §1446(d), as evidenced by the attached Certificate of Service.

14.    A true and correct time-stamped copy of this Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, as provided by 28 U.S.C. §1446(d).

15.    Pursuant to U.S.C. §1446(a), a true and correct copy of all process, pleadings and orders are attached hereto. See copies of all process, pleadings and orders (those not already referenced above and attached as other Exhibits), attached hereto collectively as Exhibit E.

WHEREFORE, Amtrak requests that this Court remove the instant action from the Philadelphia County Court of Common Pleas to the United Stated District Court for the Eastern District of Pennsylvania.

**GALLAGHER & ROWAN, P.C.**

*RJH1823*

BY_____
PAUL F.X. GALLAGHER, ESQ.
RAYMOND J. HUNTER, ESQ.
Attorney I.D. No. 16225, 87797
1800 JFK Blvd. - Suite 1000
Philadelphia, Pennsylvania 19103
Tele: (215) 732-8900
Attorney for Defendant
National Railroad Passenger Corp./Amtrak

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YOLANDA WHITEST, Individually and as the Administratrix of the Estate of JOHN WHITEST, Deceased, and DENEA WHITEST, Individually and as the Administratrix of the Estate of DARNELL WHITEST, Deceased, and DANIEL WHITEST and SEAN MITCHELL | : : : : : : : : | |
| Plaintiffs | : : | |
| vs. | : : : | No. 08CV2496 |
| HARLAN ELECTRIC COMPANY; MYR GROUP, INC.; HILL INTERNATIONAL, INC.; NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK; and FALCON STEEL SERVICES CORPORATION | : : : : : : : | |
| Defendants | : | |

### CERTIFICATE OF SERVICE

To: Dino Privitera, Esquire
EISENBERG, ROTHWEILER, WINKLER, EISENBERG & JECK, P.C.
1634 Spruce Street
Philadelphia, Pennsylvania 19103
**Attorneys for Plaintiffs**

Michael P. Dorsey, Esquire
RAWLE & HENDERSON
The Widener Building
One South Penn Square
Philadelphia, Pennsylvania 19107
**Attorney for Harlan Electric and MYR Group, Inc.**

Edward J. McGinn, Jr., Esquire
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
620 Freedom Business Center, Suite 300
King of Prussia, Pennsylvania 19460
**Attorney for Hill International**

John M. Donahue, Esquire
DEMPSTER & HATZELL
1700 Market Street
Suite 1620
Philadelphia, Pennsylvania 19103
**Attorney for Falcon Steel Corporation**

I do hereby certify that service of a true and correct copy of the above Notice of Removal was made on the 29th day of May, 2008, to the above party or counsel by:

✔ United States Mail, postage pre-paid;
☐ Fax at the following Fax Number: _____. See Fax Confirmation
☐ Electronic Mail at: _____
    A copy of the email is attached.

**GALLAGHER & ROWAN, P.C.**

*RJH1823*
BY _____
    PAUL F.X. GALLAGHER, ESQ.
    RAYMOND J. HUNTER, ESQ.
    Attorney I.D. No. 16225, 87797
    1800 JFK Blvd. - Suite 1000
    Philadelphia, Pennsylvania 19103
    Tele: (215) 732-8900
    Attorney for Defendant
    National Railroad Passenger Corp./Amtrak